JAMES BROOKS, PLAINTIFF-APPELLEE, v. GREAT AMERICAN INDEMNITY COMPANY, A BODY CORPORATE, DEFENDANT-APPELLANT.

Submitted January term, 1937—Decided May 12, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff-appellee, *Quinn, Parsons & Doremus* (*Theodore J. Labrecque,* of counsel).

For the defendant-appellant, *Kremer & Proctor* (*Ward Kremer,* of counsel).

BROGAN, CHIEF JUSTICE. The defendant appeals from a judgment recovered by the plaintiff. The pertinent facts are that James Brooks, the plaintiff, as a result of an automobile

accident, recovered a judgment against Joseph Samanok, who, at the time of the accident, was in the employ of Mrs. Isabel R. Buerman. An execution against Samanok having been returned unsatisfied, Brooks brought the present action in the Monmouth County Court of Common Pleas to recover the amount of the judgment from the Great American Indemnity Company, the insurer of Mrs. Buerman, on the theory that Samanok, at the time of the accident, was operating the automobile with the permission of the assured. If this was the fact (and the jury apparently found that it was) then the defendant was liable under its insurance contract with Mrs. Buerman.

The company filed an answer denying that Samanok was operating the car with the permission of the insured, or any adult member of her family. Brooks filed a reply to the effect that the insurance company was estopped from denying its liability on the policy because, with full knowledge of the facts, the company entered a defense to the action and, after an investigation, retained independent counsel for Samanok and tried the case in his behalf.

The sole ground of appeal argued here is that a certain portion of the charge of the court to the jury "precluded the jury from considering the testimony as to lack of permission in Samanok to operate the automobile at the time of the accident."

The language of the trial court said by the appellant to constitute reversible error is as follows: "that if you find that the defendant company, the insurance company, proceeded to defend Samanok, either by their own lawyer, Judge Kremer, or by hiring another lawyer—I don't think that makes much difference—having at that time, through their agents, a knowledge of all of the facts and circumstances of this case, so that they might have known and should have known whether or not they were liable under the terms of the policy. (*Sic.*) If they were, if they had such knowledge, and knew, or should have known that they were not liable, and nevertheless proceeded to defend Samanok, then they are in a position where they cannot urge this defense of lack of permission or lack of relationship of master and servant, and your verdict

would then also be in favor of the plaintiff and against the defendant insurance company."

Our reading of the entire charge makes it plain to us that the court, in charging the jury, undertook to explain the legal position of the parties as made out by the pleadings. The court took the complaint and outlined the plaintiff's claim. The court, turning then to the answer, explained the interposed defense and then taking up the reply, explained its provisions and concluded by saying, "now what is meant by that [*i. e.,* the reply]? Simply this: * * *." And then proceeded to make the statement set out *verbatim* above. We see no error in this. It was merely an exposition of the averments of the plaintiff's reply, stripped of its technical language.

Under this point, it is also argued that although the insurance company provided counsel to defend Samanok, that it had, prior to the trial, obtained from him a signed non-waiver agreement, the effect of which, the appellant argues, was to negative any estoppel or waiver by the company of the right to urge, at the trial, the lack of permission on the part of the servant to operate the automobile of his employer. This element of the testimony in the case, the appellant says, was ignored by the trial judge in his charge to the jury. We make two observations as to this: first, there was no request to charge the jury on the subject of the non-waiver agreement mentioned by the appellant, at least none is in the record before us, and, second, no defense relating to this agreement was set out in the answer. Furthermore, we find in the charge sufficient reference to this phase of the testimony. If the appellant desired the matter especially brought to the attention of the jury, a request to so charge should have been submitted.

The judgment is affirmed, with costs.